UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **LARRY A. PULLUM,** | ) |
| | ) |
| **Plaintiff,** | ) No. 3:14-cv-1233 |
| | ) Judge Sharp |
| v. | ) |
| | ) |
| **DAVID ELOLA,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is incarcerated at the Dickson County Jail in Charlotte, Tennessee. He brings this civil rights action under 42 U.S.C. § 1983 against David Elola, Donnie Young, Rondia Felts, Kathy Alberd, S. Miller, f/n/u Linsey, Amber Molner, Jeff Bledsoe, Jerone Holt, Robert E. Burch, J. Grongerson, Kyle Lenford, f/n/u Jinkins, f/n/u Neumyer, the Dickson County Sheriff Office, the County of Dickson, the Dickson County Jail, and Southern Health Partners, Inc. (Docket No. 1). The plaintiff seeks compensatory and punitive damages, medical and mental health treatment, and an award of attorney fees. He also asks the court to bring certain defendants before disciplinary boards for their alleged unethical conduct. (*Id*. at p. 5).

**I.  FACTS ALLEGED IN THE COMPLAINT**

According to the complaint, the plaintiff, who was born a man, suffers from a sexuality and gender identity disorder and post-traumatic stress disorder. The plaintiff believes these disorders stem from having been raped as a child and while serving in the United States military. Until he was incarcerated, the plaintiff received psychiatric counseling once a week for these disorders through the Veterans Administration (V.A.). The plaintiff sometimes dresses as a woman and, when

1

he was arrested in Davidson County, he was dressed in female clothing.

On March 7, 2014, the plaintiff was transported from the Davidson County Jail to the Dickson County Jail, where the plaintiff is currently incarcerated. An officer at the Davidson County Jail gave the plaintiff male clothing to wear for transport but the plaintiff's female clothing and undergarments were sent with the plaintiff. When the plaintiff arrived at the Dickson County Jail, the plaintiff informed the booking officer, David Elola, of his gender disorder and asked officer Elola not to reveal this information to others, fearing for his safety. Instead, officer Elola "pulled out [the plaintiff's] dress and bra and held them up for everyone to see." Officer Elola told the plaintiff, "They should have made you wear them."

The plaintiff feared for his safety and expressed his concerns about attacks to various officers and guards, particularly with regard to one inmate, Kyle Lenford, who had been threatening to attack the plaintiff. The plaintiff alleges that no one took any action to protect him and, on April 27, 2014, Lenford attacked the plaintiff. As a result of Lenford's attack, the plaintiff lost several of his teeth and was hospitalized, where he received six stitches in his head; in addition, officer Linsey determined that the plaintiff was "guilty of fighting." Officers Jinkins and Neumeyer placed the plaintiff in lockdown for fighting.

While incarcerated at the Dickson County Jail, the plaintiff sought a continuation of his mental health treatment but the staff told the plaintiff that there is no funding available with which to provide mental health counseling. The plaintiff alleges that the jail's only treating professional, Nurse Amber Molner, required the plaintiff to reveal his gender disorder to officer J. Grongerson before she would consider treating the plaintiff.

The plaintiff also alleges that Southern Health Partners, Inc. and defendant Molner refuse

2

to provide the plaintiff with medication prescribed by the V.A. for his chronic arthritis and that the plaintiff is experiencing severe pain and swelling without the medication. The plaintiff was given a wheelchair but he alleges that officer J. Perez took the wheelchair away on nurse Molner's orders, leaving the plaintiff "crawling on the concrete floor."

The plaintiff further alleges that, while on lockdown, he is being kept in "drunk cell" where he must sleep on a concrete bed. He says he has not seen daylight in twenty-three days and has been locked down each day for twenty-four hours a day. He has no recreation privileges, and he receives the opportunity to shower only once every seven to eight days.

The plaintiff alleges that, because no one has responded to his grievances, his wife contacted Judge Robert Burch in an attempt to improve the plaintiff's situation but, to the plaintiff's knowledge, no action has been taken by the judge. (Docket No. 1 & Attachs.).

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory

language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

### III. ANALYSIS

The plaintiff seeks relief pursuant to § 1983. To state a claim under § 1983, the plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The plaintiff asserts a number of claims against many defendants. As to the plaintiff's claims against Judge Robert E. Burch, judges are absolutely immune from liability for damages under § 1983. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Pierson v. Ray*, 386 U.S. 547, 554 (1967); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997). In any event, the plaintiff does not allege that Judge Burch has harmed the plaintiff in any way. Liability in a § 1983 action cannot be premised upon passive behavior or an alleged failure to act; rather liability must be based upon active unconstitutional behavior. *See Salehpour v. University of Tennessee*, 159 F.3d 199, 206-07 (6th Cir.1998), *cert. denied*, 526 U.S. 1115 (1999).

As to the plaintiff's claims against the Dickson County Jail, a jail or workhouse is not a "person" that can be sued under 42 U.S.C. § 1983. *Cf. Fuller v. Cocran*, No. 1:05-CV-76, 2005 WL 1802415, at *3 (E.D. Tenn. July 27, 2005) (dismissing § 1983 claims against the Bradley County Justice Center on the same basis); *Seals v. Grainger County Jail*, No. 3:04CV606, 2005 WL 1076326, at *1 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983."). Thus, the complaint fails to state a claim upon which relief can be granted against the Dickson County Jail.

As to the plaintiff's claims against the Dickson County Sheriff's Office, sheriffs' offices and police departments are not bodies politic and, as such, are not persons within the meaning of § 1983. *See Petty v. County of Franklin, Ohio,* 478 F.3d 341, 347 (6th Cir. 2007)(a sheriff's office is not a legal entity that can be sued under § 1983); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not a person for purposes of § 1983); *Timberlaks by Timberlaks v. Benton,* 786 F.Supp. 676, 682-83 (M.D. Tenn.1992)(police departments are not persons within the meaning of § 1983). Thus, the plaintiff's claims against the Dickson County Sheriff's Office fail to state claims

5

upon which relief can be granted.

Because the plaintiff is proceeding *pro se*, the court could construe the plaintiff's claims against the Dickson County Sheriff's Office as claims against Dickson County, particularly considering that the plaintiff names Dickson County as a defendant in this action. However, in order to bring a Section 1983 claim against a county, the plaintiff must claim that the alleged violations of his constitutional rights stemmed from a county policy, regulation, decision, custom, or the tolerance of a custom of such violations. Otherwise, a § 1983 claim will not lie. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978); *Doe v. Claiborne County, Tenn.*, 103 F.3d 495, 507-09 (6th Cir.1996).

The plaintiff here has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Dickson County. Consequently, the plaintiff has failed to state a claim against Dickson County.

Next, the plaintiff has named as a defendant the inmate who attacked him, Kyle Lenford. However, to maintain an action under § 1983, the plaintiff must establish that he was deprived of a right secured by the Federal Constitution or law of the United States by a person acting under color of state law. *Lewis v. McClennan*, 7 Fed. Appx. 373, 375 (6th Cir. 2001)(dismissing prisoner's § 1983 claim against fellow prisoner who assaulted him). The plaintiff has not alleged that Lenford was operating as a state actor at the time of the assault, and there is no evidence in the record to suggest as much. The plaintiff cannot recover any damages from Lenford for his attack on the plaintiff under § 1983.

Finally, the plaintiff also alleges that no one responded to the grievances he filed with regard to his various problems. Although prisoners have a First Amendment right to file grievances, *see*

*Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996), state law does not create a liberty interest in the grievance procedure. *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983). In other words, a plaintiff cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate and/or unresponsive because there is no inherent constitutional right to an effective jail grievance procedure in the first place. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983)(overruled in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995)); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991). Since a prisoner does not have a constitutional right to an effective or responsive grievance procedure, the plaintiff's assertions that any defendant failed to respond to the plaintiff's grievances do not state a claim under the First Amendment. Because the plaintiff's only allegations against Sheriff Bledsoe and Chief Holt pertain to their failure to respond to the plaintiff's grievances, the plaintiff has not stated any viable claims against these defendants. Therefore, Sheriff Bledsoe and Chief Holt will be dismissed as defendants from this action.

As to the plaintiff's remaining § 1983 claims against David Elola, Donnie Young, Rondia Felts, Kathy Alberd, S. Miller, f/n/u Linsey, Southern Health Partners, Inc., Amber Molner, J. Grongerson, f/n/u Jinkins, and f/n/u Neumyer, the court finds that the plaintiff has stated viable claims against these defendants for purposes of the initial screening required by 28 U.S.C. § 1915A. For example, the plaintiff's allegation that, early this year, correctional officers failed to protect him from physical injuries caused by another inmate, even though the defendants were well aware of the danger to plaintiff, states an actionable claim under the Eighth Amendment of the United States Constitution. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998)(prison officials have a duty to protect prisoners from violence suffered at the

hands of other prisoners). Although it is unclear at this early stage of litigation whether the plaintiff ultimately can prevail on his Eighth Amendment claim or other claims, the court finds that the plaintiff's allegations against the remaining defendants are not frivolous or malicious, and those defendants must respond to the plaintiff's complaint.

**IV.    CONCLUSION**

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to defendants Burch, Holt, Bledsoe, Lenford, the Dickson County Sheriff's Office, Dickson County, and the Dickson County Jail. 28 U.S.C. § 1915A. The plaintiff's claims against these defendants will be dismissed. However, as to the remaining defendants, the court finds that the plaintiff's claims against these defendants survive the initial screening, and process will issue as to these claims.

An appropriate Order will be entered.

_____
Kevin H. Sharp
United States District Judge