UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LARRY A. PULLUM, | ) |
| Plaintiff, | ) |
| | ) No. 3:14-cv-1233 |
| v. | ) Judge Sharp |
| | ) Magistrate Judge Bryant |
| DAVID ELOLA, et al., | ) **Jury Demand** |
| Defendants. | ) |

To: The Honorable Kevin H. Sharp, Chief United States District Judge

## **REPORT AND RECOMMENDATION**

Pending before the Court is Defendants Amber Molnar and Southern Health Partners, Inc.'s ("SHP's") Motion for Summary Judgment (Docket Entry 78) and Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95). For the following reasons, the Magistrate Judge **RECOMMENDS** that the Motion for Summary Judgment (Docket Entry 78) be **GRANTED IN PART and DENIED IN PART** and that the Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95) be **GRANTED IN PART and DENIED IN PART**.

### I.     Background

Proceeding *pro se* and *in forma pauperis*, the Plaintiff brought a suit against numerous individuals, including Defendants Molnar and SHP, alleging claims of deliberate indifference under 42 U.S.C. § 1983. (Docket Entries 1 and 10). The events at issue occurred while the Plaintiff was an inmate in the Dickson County Jail (the "Jail"). (Docket Entry 10). The Plaintiff was later transferred to the South Central Correctional Center. (Docket Entry 28).

1

On initial review, the District Judge concluded that the Plaintiff had stated a viable Eighth Amendment claim against Defendants Molnar and SHP, as the Plaintiff had alleged that Defendant Molnar required the Plaintiff to reveal his gender identity disorder to a Jail employee and that Defendants Molnar and SHP deprived the Plaintiff of mental health counseling, medication, and the use of a wheelchair. (Docket Entry 9, p. 2-3, 7).[1]

On March 7, 2014, the Plaintiff was booked at the Jail. He requested mental health counseling in a grievance on March 13, 2014. (Docket Entry 1, p. 7, 46). According to the Plaintiff, the request was denied by Captain Young due to a lack of funds at the Jail. (Docket Entry 1, p. 46). In response, the Plaintiff submitted an inmate sick call slip, and he was seen by Defendant Molnar, a Registered Nurse employed by Defendant SHP. (Docket Entry 1, p. 15, 46). The Plaintiff stated that Defendant Molnar explained that she could only provide medication for psychiatric issues and that the Plaintiff refused medication. (Docket Entry 1, p. 46-47). On March 23, 2014, the Plaintiff submitted a grievance appeal in which he stated that he had been refused mental counseling and requested to be transferred to prison so that he could obtain mental help. (Docket Entry 1, p. 8).

During the visit with Defendant Molnar in March 2014, the Plaintiff was asked to identify the medical issue with which he was struggling. (Docket Entry 1, p. 47). Defendant Molnar refused the Plaintiff's request to send the observing prison employee, Officer Grangerson, out of earshot. (Docket Entry 1, p. 47). According to the Plaintiff, when he told Defendant Molnar of his gender identity disorder, she made insensitive and unprofessional comments about the disorder. (Docket Entry 1, p. 47).

---

[1] The facts underlying the Plaintiff's claims against the other Defendants will be discussed in the Report and Recommendation addressing those Defendants' Motion for Summary Judgment. Only the facts pertinent to the claims against Defendants Molnar and SHP are discussed herein.

Later, the Plaintiff complained that Defendant Molnar had taken the Plaintiff off of his pain medication. (Docket Entry 1, p. 47-48). He filed a grievance regarding this issue on April 14, 2014. (Docket Entry 1, p. 17, 19, 48). Defendant Molnar responded to this grievance the next day, stating that on April 14 she told the Plaintiff that the medication should generally not be prescribed for more than fourteen days due to concerns of gastrointestinal bleeding. (Docket Entry 1, p. 17, 19, 48).

The Plaintiff also states that he was using a wheelchair until it was taken from him by Officer J. Perez. (Docket Entry 1, p. 52). The Plaintiff filed a grievance regarding this incident on May 15, 2014. (Docket Entry 1, p. 24). In the grievance, he reported that an unnamed nurse gave him a wheelchair on May 10, 2014, and an unnamed nurse ordered Officer Perez to retrieve the wheelchair on May 13, 2014. (Docket Entry 1, p. 24). According to the Plaintiff, without the wheelchair, he could not ambulate, but had to limp or crawl on the floor to get around. (Docket Entry 1, p. 24).

On March 11, 2015, the Defendants filed a Motion for Summary Judgment. (Docket Entry 78). The Plaintiff submitted a lengthy Response on April 13, 2015. (Docket Entry 94). The Defendants filed a Reply and a Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment April 20, 2015. (Docket Entries 95 and 96). The Plaintiff has not responded to the Defendants' Motion to Strike. The matter is properly before the Court.

## II. Legal Conclusions

### A. Summary Judgment Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to judgment as a matter of law." *Moran v. Al Basit LLC*, 788 F.3d 201, 204 (6th Cir. 2015) (citing *Mutchler v. Dunlap Mem'l Hosp.*, 485 F.3d 854, 857 (6th Cir. 2007)). "A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 432 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). All reasonable inferences are drawn in the non-movant's favor. *Moran*, 788 F.3d at 204 (citation omitted).

### III. Analysis

### A. The Defendants' Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment

In this Motion, the Defendants first argue that the Plaintiff improperly asserted unsupported facts in his document entitled "Dispositive" and in his responses to the Defendants' Concise Statement of Undisputed Facts. (Docket Entry 94, p. 93-115). Next, the Defendants argue that the exhibits in the Plaintiff's Response to the Defendants' Motion for Summary Judgment should be excluded because they are hearsay, are not authenticated, and are not currently in an admissible form. (Docket Entry 95).

### 1. The Plaintiff's "Dispositive" Document and the Plaintiff's Response to the Defendants' Concise Statement of Undisputed Facts

The document titled "Dispositive" (Docket Entry 94, p. 93-103) contains citations to various constitutional and federal provisions, case law, factual assertions, and legal argument. In other words, it resembles a brief. The Magistrate Judge liberally construes the document to be the Plaintiff's Memorandum in Opposition to the Defendants' Motion for Summary Judgment.

The Defendants' Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95) should be **DENIED** to the extent it seeks to exclude this document.

Moving on, the Defendants argue that the Plaintiff has improperly responded to the Defendants' Concise Statement of Undisputed Facts. Local Rule 56.01(c), in part, sets forth the following parameters for responding to a party's concise statement of facts:

> **Response to Statement of Facts.** Any party opposing the motion for summary judgment must respond to each fact set forth by the movant by either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. *Each disputed fact must be supported by specific citation to the record*. . . .

Local Rule 56.01(c) (emphasis added). Additionally, the Local Rules address the effect of a party's failure to respond to a statement of fact in the following:

> **Failure to Respond.** Failure to respond to a moving party's statement of material facts, or a non-moving party's statement of additional facts, within the time periods provided by these Rules *shall indicate that the asserted facts are not disputed for purposes of summary judgment*.

Local Rule 56.01(g) (emphasis added).

For the most part, the Defendants are correct that the Plaintiff has not complied with Local Rule 56.01(c) in responding to the Defendants' Concise Statement of Undisputed Facts. Though the Plaintiff challenges many of the Defendants' factual assertions (Docket Entry 94, p. 104-115), only several of the challenges are accompanied by a citation to the record. (Docket Entry 94, p. 114-115, 125, 180).

Aside from the instances in which the Plaintiff cited to the record while opposing the Defendants' factual assertion, the remainder of the Defendants' Concise Statement of Undisputed Fact should be deemed admitted for purposes of the Defendants' Motion for Summary Judgment. *See, e.g.*, *George v. Vought Aircraft Indus., Inc.*, No. 3:08-0787, 2009 WL

5

5217002, at *4 n.2 (M.D. Tenn. Dec. 30, 2009). The Defendants' Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95) should be **GRANTED** to this limited extent.

2. **Objections to the Plaintiff's Exhibits**

The Defendants next seek to strike the exhibits included in the Plaintiff's Response to the Defendants' Motion for Summary Judgment, arguing that the exhibits are unauthenticated, are hearsay, and are otherwise inadmissible in their present form. (Docket Entry 95). In support of this motion, the Defendants cite Rule 56(c) of the Federal Rules of Civil Procedure and two Sixth Circuit cases, *Alpert v. United States*, 481 F.3d 404 (6th Cir. 2007) and *U.S. Structures, Inc. v. J.P. Structures, Inc.*, 130 F.3d 1185 (6th Cir. 1997). (Docket Entry 95).

The authority relied on by the Defendants is unavailing, and the counselors are warned that reliance on outdated statutes and case law is poor advocacy and is unacceptable. As of December 1, 2010, the evidence submitted in support of, or in opposition to, a motion for summary judgment need not be submitted in an admissible form. Rather, "[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that ***would be*** admissible in evidence." Fed. R. Civ. P. 56(c)(2) (emphasis added). Once the objection has been raised, "[t]he burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c)(2) advisory committee's note to 2010 amendment; *see also Franklin Am. Mortgage Co. v. Chicago Fin. Servs., Inc.*, No. 14-00753, 2015 WL 7015648, at *3 (M.D. Tenn. Nov. 10, 2015); *RyMed Techs., Inc. v. ICU Med., Inc.*, No. 3:10-01067, 2012 WL 4505896, at *5 (M.D. Tenn. Sept. 28, 2012); *Foreword Magazine, Inc. v. OverDrive, Inc.*, No. 1:10-CV-1144, 2011 WL 5169384, at *2 (W.D. Mich. Oct. 31, 2011). The Defendants have objected to evidence on the basis that it is not currently

admissible, not that it is inadmissible no matter what form. As the Defendants have not properly raised a Rule 52(c) objection, the Defendants' Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95) should be **DENIED** insofar as it seeks to strike the exhibits included in the Plaintiff's Response to the Defendants' Motion for Summary Judgment.

## B. The Defendants' Motion for Summary Judgment

### 1. Failure to Exhaust Under the Prison Litigation Reform Act

The Prison Litigation Reform Act (the "PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007). In order to properly exhaust, the particular facility's grievance procedures must be satisfied. *Id.* at 218.

The applicable grievance procedure was filed as an exhibit to the Defendants' Motion for Summary Judgment. (Docket Entry 78-4). Within ten days of a grievable incident, an inmate may file an initial grievance. (Docket Entry 78-4, p. 7). The staff would then have ten days to investigate the grievance and submit a response to the inmate. (Docket Entry 78-4, p. 7). However, staff must respond quickly if the inmate has complained of an emergency or a threat to the inmate's immediate health or welfare. (Docket Entry 78-4, p. 8). Within five days of the action taken on the initial grievance, the inmate may appeal to the Chief Deputy. (Docket Entry 78-4, p. 8). The Chief Deputy must respond to the appeal within fifteen days. (Docket Entry 78-4, p. 8). Decisions made by the Chief Deputy are final. (Docket Entry 78-4, p. 8).

Defendants Molnar and SHP have requested that the Plaintiff's four claims: (1) denial of mental health treatment; (2) requiring the Plaintiff to reveal his gender disorder in front of Officer Grangerson; (3) denial of medication; and (4) removal of a wheelchair, be dismissed for failure to exhaust. (Docket Entry 79, p. 1-2, 12-14). Each claim is addressed in turn.

First, the Plaintiff submitted evidence which indicates that he fully exhausted his administrative remedies regarding his request for mental health treatment. The Plaintiff requested mental health counseling in an initial grievance dated March 13, 2014. (Docket Entry 1, p. 7). Apparently, the Plaintiff received a verbal response to this grievance around March 20, 2014. (Docket Entry 1, p. 8).[2] Not satisfied with the response, the Plaintiff filed a grievance appeal on March 23, 2014. (Docket Entry 1, p. 8). In this appeal, the Plaintiff complains that he has not received a written response to the initial grievance and has not received the counseling requested. (Docket Entry 1, p. 8). Captain Young, the Jail Administrator, replied on March 27, 2014, stating "I will look into this matter." (Docket Entry 94, p. 134). It is surprising that the Defendants have not addressed these grievances in their Motion for Summary Judgment. These documents were included in the Plaintiff's Complaint. While arguing that the Plaintiff's claims against them must all be dismissed for failure to exhaust, the Defendants only refer to grievances filed by the Plaintiff on April 14, 2014 and June 8, 2014. (Docket Entry 79, p. 13). The Plaintiff has submitted sufficient evidence of his efforts to exhaust this grievance.

The Defendants are correct, however, that the Plaintiff has not established exhaustion of his remaining three claims. It does not appear that the Plaintiff even filed an initial grievance, let alone a grievance appeal, regarding the incident in which Defendant Molnar allegedly required the Plaintiff to discuss his mental disorders within hearing distance of Officer Grangerson and

---

[2] The Plaintiff submitted a copy of this grievance with what is apparently Captain Young's reply dated March 20, 2014, "Situation resolved file only. Do not return to inmate." (Docket Entry 94, p. 125).

then made insensitive remarks about the Plaintiff's disorders. Moving on, the Plaintiff submitted an initial grievance on April 14, 2014, claiming that Defendant Molnar deprived him of pain medication. (Docket Entry 1, p. 17, 19). The grievance was responded to the next day. (Docket Entry 1, p. 17, 19). The Plaintiff has not submitted evidence of an appeal of this decision. Last, the Plaintiff filed an initial grievance regarding the wheelchair incident, but he has not submitted evidence of an appeal taken. (Docket Entry 1, p. 24). Additionally, the wheelchair grievance does not refer to Defendant Molnar by name. As the record reveals that the Plaintiff did not exhaust his administrative remedies regarding these three claims, it is recommended that these three claims be **DISMISSED WITHOUT PREJUDICE**.

   2. **Denial of Mental Health Treatment**

To succeed on his claims under 42 U.S.C. § 1983, the Plaintiff must establish two elements: (1) a state actor (2) deprived him of his constitutional or federal "rights, privileges, or immunities." 42 U.S.C. § 1983; *Santiago v. Ringle*, 734 F.3d 585, 589 (6th Cir. 2013) (citation omitted). Defendants Molnar and SHP do not challenge the state actor element. Rather, they contend that the Plaintiff cannot establish a constitutional violation.

   a. **Deliberate Indifference Claim Against Defendant Molnar**

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "Pretrial detainees are analogously protected from such mistreatment under the Due Process Clause of the Fourteenth Amendment." *Napier v. Madison Cty., Ky.*, 238 F.3d 739, 742 (6th Cir. 2001) (citation omitted). Claims of deliberate indifference to a prisoner's medical needs under the Eighth Amendment and the Fourteenth Amendment have two mandatory components:

an objective component and a subjective component. *Santiago*, 734 F.3d at 590 (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)); *Garretson v. City of Madison Heights*, 407 F.3d 789, 796 (6th Cir. 2005) (citing *Napier*, 238 F.3d at 742). "The objective component requires a plaintiff to prove a 'sufficiently serious' medical need, and the subjective component requires a plaintiff to prove that the doctors had a 'sufficiently culpable state of mind.'" *Santiago*, 734 F.3d at 590 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

The Sixth Circuit has held that a "serious medical need is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Harrison v. Ash*, 539 F.3d 510, 518 (6th Cir. 2008) (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 897 (6th Cir. 2004)). Another line of Sixth Circuit cases has explained that the objective component may be satisfied if the prisoner claims that the treatment he received was inadequate or if the prisoner's medical condition was minor or non-obvious and the prisoner can produce "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Santiago*, 734 F.3d at 590 (quoting *Napier*, 238 F.3d at 742); *Blackmore*, 390 F.3d at 898.

The subjective component of a deliberate indifference claim requires more than a showing of negligence; it requires that the state actor have "(1) subjectively perceived facts from which to infer substantial risk to the prisoner, (2) did in fact draw the inference, and (3) then disregarded that risk." *Santiago*, 734 F.3d at 591 (citation and internal quotations removed). "Since government officials do not readily admit the subjective component, a factfinder may infer from circumstantial evidence, including 'the very fact that the risk was obvious,' that a prison official knew of a substantial risk." *Id.* (quoting *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009)).

10

When the Plaintiff was arrested, he was dressed in women's clothing. On March 12, 2014, the Department of Veterans Affairs (the "VA") faxed the Plaintiff's medical records to the Jail. (Docket Entry 78-3, p. 7). These medical records primarily discuss the Plaintiff's sporadic treatment for post-traumatic stress disorder ("PTSD"), depression, and his tendency to dress in women's clothing. A recurring theme in the treatment notes is the Plaintiff's failure to attend scheduled appointment and the psychiatrists' insistence that the Plaintiff regularly attend therapy sessions. In September 2013, the psychiatrist noted that the Plaintiff was scheduled for therapy appointments every other week and encouraged the Plaintiff to consider therapy on a weekly basis. (Docket Entry 78-3, p. 25). On November 5, 2013, the Plaintiff appeared at his psychiatrist's office, intoxicated, dressed as a woman, and without an appointment. (Docket Entry 78-3, p. 14). The psychiatrist discussed the importance of regularly attending therapy appointments with the Plaintiff. (Docket Entry 78-3, p. 14, 17).

The Plaintiff contends that he should have continued receiving mental health counseling while an inmate at the Jail and that the deprivation of this medical treatment constitutes deliberate indifference. When the Plaintiff filed his Complaint, he included in the submission a variety of documents. Among these attachments are grievance forms and inmate sick call requests. Pertinent to this claim are (1) a grievance filed on March 13, 2014; (2) a grievance appeal filed on March 23, 2014; and (3) an inmate sick call request dated March 15, 2014. (Docket Entry 1, p. 6-8, 15). The March 13, 2014 grievance requests a visit with a mental health counselor. (Docket Entry 1, p. 6-7). The March 23, 2014 grievance appeal stated that the Plaintiff had not received the counseling requested and instead requested that he be sent to prison in order to obtain mental health care. (Docket Entry 1, p. 8). The March 15, 2014 inmate sick call slip

11

states "I need to see a mental health counselor. I need my PSYCH med Nurockin & counseling." (Docket Entry 1, p. 15).

Defendant Molnar, on the other hand, declared that (1) when she first saw the Plaintiff on March 17, 2014, he did not request mental health treatment and did not appear to be in significant mental distress; (2) the Plaintiff received treatment for the medical conditions he submitted on sick call requests; (3) a psychiatric nurse is available to inmates who request, or appear in serious need of, mental health treatment; (4) to her knowledge, the Plaintiff never requested mental health treatment and the medical staff never received a sick call slip or grievance regarding a request mental health treatment from the Plaintiff; and (5) she never observed the Plaintiff exhibit signs or symptoms of mental or emotional distress and opined that the Plaintiff never appeared to be in serious need of mental health. (Docket Entry 78-2 ¶ 16, 19, 28, 41, 44-49). Ms. Kim Judy, the Medical Team Administrator at the Jail, submitted "a true and correct copy" of all grievances and inmate sick call slips received by the Jail medical staff from the Plaintiff. (Docket Entry 78-3). Lieutenant Felts, the Acting Jail Administrator, declared that there is no record of the Plaintiff submitting appeals of any medical grievances at the Jail between March 7, 2014 and May 20, 2014. (Docket Entry 78-4, p. 2). The Plaintiff's March 13, 15, and 23, 2014 grievances and inmate sick call slip are not mentioned in Defendant Molnar's, Ms. Judy's, or Lieutenant Felts' submissions.

Defendant Molnar and the Plaintiff offer two very different series of events leading up to the Plaintiff's claim of deliberate indifference to the Plaintiff's need for mental health treatment. One the one hand, the Plaintiff's psychiatric records from the VA indicate that regular mental health counseling is needed to treat the Plaintiff's mental disorders. Indeed, the Plaintiff was arrested while attired in women's clothing. Additionally, the Plaintiff submitted grievances and

an inmate sick call slip explicitly requesting mental health counseling and medication. On the other hand, Defendant Molnar and the Jail records keepers steadfastly maintain that the Plaintiff neither sought, nor did he need, mental health treatment. For purposes of summary judgment, all reasonable inferences are drawn in the light most favorable to the Plaintiff, the non-movant. Because the parties disagree on many of the facts pertinent to this claim, it is recommended that the Defendants' Motion for Summary Judgment on this claim be **DENIED**.

### b. Deliberate Indifference Claim Against Defendant SHP

In order to hold Defendant SHP liable for Defendant Molnar's actions, the Plaintiff must establish both of the following: (1) a violation of the Plaintiff's constitutional rights and (2) that Defendant SHP is responsible for the violation; i.e. that the violation occurred because of Defendant SHP's customs or policies. *Graham ex rel. Estate of Graham v. Cty. of Washtenaw*, 358 F.3d 377, 382-83 (6th Cir. 2004).

The claim against Defendant SHP fails on the second count. As previously discussed, there remains a factual dispute regarding the Plaintiff's claim of deliberate indifference against Defendant Molnar. Despite this, the Plaintiff has not submitted evidence of a custom or policy belonging to Defendant SHP which resulted in a violation of his constitutional rights. The Plaintiff suggests that Defendant Molnar was not capable of evaluating his medical needs and that Defendant Molnar was inadequately trained to perform her job. (Docket Entry 94, p. 97, 102). Bare allegations do not, however, pass muster at the summary judgment stage. *Miller v. Calhoun Cty.*, 408 F.3d 803, 816 (6th Cir. 2005) ("Mere allegations that an officer was improperly trained or that an injury could have been avoided with better training are insufficient to prove liability.") (citation omitted). The Plaintiff's claim of deliberate indifference against Defendant SHP should be **DISMISSED WITH PREJUDICE**.

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** that the Motion for Summary Judgment (Docket Entry 78) be **GRANTED IN PART and DENIED IN PART** and that the Motion to Strike and Objection to Plaintiff's Response to Motion for Summary Judgment (Docket Entry 95) be **GRANTED IN PART and DENIED IN PART**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 18th day of February, 2016.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge